UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SCOTT WHEELER, | ) | |
| | ) | CASE NO. 6:17-cv-03321-MDH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT CAPITAL ONE** |
| | ) | **BANK (USA), N.A'S ANSWER TO** |
| CAPITAL ONE BANK (USA), N.A. | ) | **PLAINTIFF'S COMPLAINT FOR** |
| | ) | **DAMAGES** |
| Defendant. | ) | |

Defendant Capital One Bank (USA), N.A. ("Capital One") now answers Plaintiff's Complaint against it, as follows:

Except as expressly admitted or qualified hereafter, Capital One denies each and every allegation of the Complaint.

## INTRODUCTION

1. With respect to the allegations set forth in paragraph 1 of the Complaint, Capital One admits that it voluntarily attempted to reach Plaintiff by telephone, but lacks information or knowledge sufficient to form a belief as to the truth of the allegation that such telephone number corresponds to a cellular telephone assigned to Plaintiff and therefore denies the allegation. Capital One denies it violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, denies it committed any wrongdoing, and denies any remaining allegations set forth in paragraph 1.

## JURISDICTION AND VENUE

2. With respect to the allegations set forth in paragraph 2 of the Complaint, Capital One admits that it does business in the State of Missouri. Capital One admits that jurisdiction and

1

venue in this Court is proper. Capital One denies any remaining allegations set forth in paragraph 2.

3. With respect to the allegations set forth in paragraph 3 of the Complaint, Capital One admits that jurisdiction in this Court is proper, except that Capital One denies that Plaintiff has Article III standing under the Unites States Constitution. Capital One denies any remaining allegations set forth in paragraph 3.

4. With respect to the allegations set forth in paragraph 4 of the Complaint, Capital One admits that venue in this Court is proper. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff resides within this District and therefore denies the allegations. Capital One denies any remaining allegations set forth in paragraph 4.

**PARTIES**

5. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and therefore denies them.

6. Capital One admits that it is a national banking association that does business in the State of Missouri with a principal place of business located in Virginia. Capital One denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. Capital One denies the allegations set forth in paragraph 7 of the Complaint.

**FACTUAL ALLEGATIONS**

8. With respect to the allegations set forth in paragraph 8 of the Complaint, Capital One admits that it attempted to reach Plaintiff by telephone to make payment arrangements on his past-due Capital One accounts. Capital One denies any remaining allegations set forth in paragraph 8.

9. With respect to the allegations set forth in paragraph 9 of the Complaint, Capital One admits that it attempted to reach Plaintiff at the telephone number indicated to make payment arrangements on his past-due Capital One accounts. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegation that such telephone number corresponds to a cellular telephone assigned to Plaintiff and therefore denies the allegation. Capital One denies any remaining allegations set forth in paragraph 9.

10. With respect to the allegations set forth in paragraph 10 of the Complaint, Capital One admits that (800) 955-6600 is a number assigned to it. Capital One admits that it attempted to reach Plaintiff by telephone to make payment arrangements on his past-due Capital One accounts, but lacks sufficient information or knowledge as to what phone number may have appeared on Plaintiff's caller identification and therefore denies the allegation. Capital One denies any remaining allegations set forth in paragraph 10.

11. Capital One admits that, on occasion, it places calls with technology that meets the Federal Communications Commission's current interpretation of what constitutes an automatic telephone dialing system for purposes of the Telephone Consumer Protection Act. Should the FCC change its interpretation during the pendency of this matter or should that interpretation be reversed, overturned, vacated or revised or otherwise deemed improper, Capital One reserves the right to revise its answer. Capital One denies any remaining allegations set forth in paragraph 11.

12. With respect to the allegations set forth in paragraph 12 of the Complaint, Capital One admits that it attempted to reach Plaintiff by telephone to make payment arrangements on his past due Capital One accounts. Capital One further admits that, on occasion, it places calls with technology that meets the Federal Communications Commission's current interpretation of

3

Case 6:17-cv-03321-MDH   Document 5   Filed 12/11/17   Page 3 of 9

what constitutes an automatic telephone dialing system for purposes of the Telephone Consumer Protection Act. Should the FCC change its interpretation during the pendency of this matter or should that interpretation be reversed, overturned, vacated or revised or otherwise deemed improper, Capital One reserves the right to revise its answer. Capital One denies any remaining allegations set forth in paragraph 12.

13. With respect to the allegations set forth in paragraph 13 of the Complaint, Capital One admits that its calls placed to set up payment arrangements were not made for emergency purposes but denies that 47 U.S.C. § 227(b)(1)(A) defines "emergency purposes."

14. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and therefore denies them.

15. Capital One denies the allegations set forth in paragraph 15 of the Complaint.

16. Capital One admits that Plaintiff had a conversation with Capital One's representative and asked for calls to stop to his cell phone. Capital One lacks sufficient knowledge or information to form a belief as to what phone number Plaintiff called in to Capital One and the date of the call and therefore denies the allegations. Capital One continues to research the truth of the remaining allegations set forth in paragraph 16 of the Complaint and therefore denies them.

17. Capital One admits the allegations set forth in paragraph 17 of the Complaint.

18. Capital One continues to research the truth of the allegations set forth in paragraph 18 of the Complaint and therefore denies them.

19. Capital One denies the allegations set forth in paragraph 19 of the Complaint.

20. Capital One continues to research the truth of the allegations set forth in paragraph 20 and therefore denies them.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

21. Capital One repeats and incorporates by reference into this cause of action the responses set forth above at paragraphs 1-20.

22. Capital One denies the allegations set forth in paragraph 22 of the Complaint.

23. Capital One denies the allegations set forth in paragraph 23 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 23 of the Complaint.

24. Capital One denies the allegations set forth in paragraph 24 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 24 of the Complaint.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.*

25. Capital One repeats and incorporates by reference into this cause of action the responses set forth above at paragraphs 1-20.

26. Capital One denies the allegations set forth in paragraph 26 of the Complaint.

27. Capital One denies the allegations set forth in paragraph 27 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 27 of the Complaint.

28. Capital One denies the allegations set forth in paragraph 28 of the Complaint. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 28 of the Complaint.

## PRAYER FOR RELIEF

Capital One denies that Plaintiff is entitled to the relief sought in the WHEREFORE paragraph.

## FIRST CAUSE OF ACTION

29. Capital One denies the allegations set forth in paragraph 29 of the Complaint. Capital One further denies that Plaintiff is entitled to the relief sought in paragraph 29 of the Complaint.

30. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 30 of the Complaint.

## SECOND CAUSE OF ACTION

31. Capital One denies the allegations set forth in paragraph 31 of the Complaint. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 31 of the Complaint.

32. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 32 of the Complaint.

## ON ALL CAUSES OF ACTION

33. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 33 of the Complaint.

34. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 34 of the Complaint.

35. Capital One denies that Plaintiff is entitled to the relief sought in paragraph 35 of the Complaint.

## JURY TRIAL DEMAND

36. Capital One admits only that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant Capital One states the following:

### First Affirmative Defense: Consent

1. The Telephone Consumer Protection Act does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given his consent.

2. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3. To the extent Capital One has received consent to place calls to Plaintiff through customer agreements, written or verbal statements, or otherwise, his claims are barred.

### Second Affirmative Defense: Constitutionality of Statutory Damages

4. Capital One incorporates by reference the foregoing allegations set forth in its Affirmative Defenses.

5. The Telephone Consumer Protection Act provides for statutory damages of $500 to $1,500 for each violation of the law.

6. When directed at telephone calls, statutory damages under the Telephone Consumer Protection Act could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff.

7. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**Third Affirmative Defense: Offset**

8. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

9. Plaintiff may have accounts with Capital One upon which he owes.

10. Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from Plaintiff to Capital One.

**Fourth Affirmative Defense: Lack of Standing**

11. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

12. To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that he is in the zone of interests the TCPA is intended to protect.

13. To the extent Plaintiff has not paid money, lost title to goods or value, suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

**Reservation of Rights**

14. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

15. Capital One expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

Wherefore, Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b. Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

c. Grant Capital One any such further relief to which it may be entitled.

ARMSTRONG TEASDALE LLP

/s/ *Darren K. Sharp*
Darren K. Sharp    MO #50841
Kevin W. Prewitt   MO #66161
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Tel.: 816.221.3420
Fax: 816.221.0786
dsharp@armstrongteasdale.com
kprewitt@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gary T. Eastman
The Eastman Law Firm
12288 S. Mullen Rd.
Olathe, Kansas 66062
(913) 908-0113
Fax: (866) 594-2771
gary@theeastmanlawfirm.com

Attorney for Plaintiff

/s/ *Darren K. Sharp*
Attorney for Defendant
